**Affirmed and Memorandum Opinion filed July 2, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00088-CR

---

### MAKIYAH CHENEY, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1704536**

---

## MEMORANDUM OPINION

A jury found appellant Makiyah Cheney guilty of reckless aggravated assault and assessed punishment at five years confinement in the Texas Department of Criminal Justice—Institutional Division but recommended that appellant be granted community supervision. The trial court ordered appellant's sentence suspended and placed appellant on community supervision for five years.

In a single issue, appellant complains that the trial court erred by failing to include an appropriate instruction on self-defense against multiple assailants in the jury charge. *See* Tex. Penal Code § 9.32. We affirm.

## Background

Appellant met with Darian Jackson and Destiny Autenreith, the complainant, in a Kroger parking lot for a drug deal. Darian drove the car with Destiny in the passenger seat. Darian's car and appellant's car parked next to each other, driver's side door to driver's side door. Darian exited the vehicle and Destiny remained in the passenger seat. Destiny testified that she was not paying attention to the interaction between Darian and appellant.

Darian got into appellant's car and asked to see the marijuana, but appellant refused, asking for money first. Darian testified he saw appellant reaching for something he believed to be a weapon, and got out of the car, feeling "weird" about the situation. (3RR81-82, 3RR149). Darian went back to his car and spoke with Destiny. He asked her if she still wanted to get the marijuana after telling her what happened, and she said she did. (3RR149).

Darian returned to appellant's car with a phone flashlight, and asked appellant again to see the marijuana, which appeared to Darian to agitate appellant. Appellant refused. Darian then gave appellant the money and testified that he saw a gun under appellant's right thigh. Darian and appellant continued to have a verbal disagreement, and according to Darian, appellant reached for the gun. Because Darian thought appellant was going to shoot him, Darian pepper sprayed appellant. (3RR153). Appellant and Darian then fought over the gun. When Darian determined appellant had the gun, he ran to the back of appellant's car and began pounding on the back window, breaking it. (3RR86-87, 92, 152) Appellant fired the gun several times.

2

Destiny testified that she had not been paying attention but after hearing yelling and loud noises, looked down and saw that she was bleeding and had been shot. She then moved the car away. Appellant left the scene. Darian got into the car and drove Destiny to a hospital. Appellant was later stopped in traffic and arrested for two counts of aggravated assault. Darian testified he was in fear for his life and Destiny's life.

After both sides rested, the trial court instructed the jury on the law of self-defense. *See* Tex. Penal Code § 9.31. Appellant's counsel objected to the inclusion of the Penal Code section 9.05 language regarding innocent bystanders as it related to Destiny because Destiny had "set up" the drug deal, provided the mace Darian used on appellant, and admitted she told Darian to lie to police about the nature of the transaction; the inclusion of a lesser included offense instruction of reckless aggravated assault; and the exclusion of "recklessness" in the intent language in the self-defense instruction. (6RR49-51). The trial court overruled appellant's objections as to the 9.05 language and the lesser included offense but allowed the inclusion of recklessness in the self-defense instruction. The trial court did not include an instruction regarding self-defense against multiple assailants. Appellant's trial court counsel did not object to the omission at trial.

## Analysis

In a single issue, appellant argues that the self-defense jury instruction was reversible error because the trial court failed to instruct the jurors on the law regarding self-defense against multiple assailants.

We review complaints of jury-charge error under a two-step process. *See Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2004); *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). First, we must determine whether error exists in the trial court's charge. *Wooten v. State*, 400 S.W.3d 601,

606 (Tex. Crim. App. 2013). Second, if there is error, the court must determine whether the error caused sufficient harm to require reversal of the conviction. *See id.* If the defendant preserved error by timely objecting to the charge on the issue raised on appeal, we will reverse if the defendant demonstrates that he suffered some harm as a result of the error. *Reeves v. State*, 420 S.W.3d 812, 816 (Tex. Crim. App. 2013). Under the some-harm standard, reversal is required if the error is "calculated to injure the rights of the defendant." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *Ramjattansingh v. State*, 587 S.W.3d 141, 156 (Tex. App.—Houston [1st Dist.] 2019, no pet.). If the defendant did not timely object to the charge-error issue raised on appeal, we will reverse only if the error was so egregious and created such harm that the defendant was deprived of a fair and impartial trial. *Villarreal v. State*, 453 S.W.3d 429, 433 (Tex. Crim. App. 2015); *see Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985); *see also Ngo*, 175 S.W.3d at 743. In both circumstances, we determine harm by reviewing "the whole record, including the jury charge, contested issues, weight of the probative evidence, arguments of counsel, and other relevant information." *Jordan v. State*, 593 S.W.3d 340, 344 (Tex. Crim. App. 2020).

A defendant is entitled to an instruction on every defensive issue raised by the evidence regardless of the strength of the evidence and even if the trial court is of the opinion that the testimony is not credible. *Maciel v. State*, 631 S.W.3d 720, 722–23 (Tex. Crim. App. 2021); *Enns v. State*, 612 S.W.3d 616, 628 (Tex. App.—Houston [1st Dist.] 2020, pet. ref'd); *Reynolds v. State*, 371 S.W.3d 511, 521–22 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd). The trial court's "only role is to determine if there is some evidence—even if weak, inconsistent, or contradictory—that a rational jury could find supports the defense." *Rodriguez v. State*, 629 S.W.3d 229, 321 (Tex. Crim. App. 2021). We review a trial court's

4

denial of a request for a defensive instruction for an abuse of discretion, while viewing the evidence in the light most favorable to the defendant's requested instruction. *Reynolds*, 371 S.W.3d at 522; *see also Maciel*, 631 S.W.3d at 722–23.

A defendant is entitled to a multiple-assailant jury instruction if there is "evidence that the defendant had a reasonable fear of serious bodily injury from a group of people acting together." *Jordan v. State*, 593 S.W.3d 340, 344 (Tex. Crim. App. 2020); *see also Frank v. State*, 688 S.W.2d 863, 868 (Tex. Crim. App. 1985) (noting defendant may be "entitled to a charge on the right of self-defense against multiple assailants").

In the application paragraph of the jury charge pertinent to appellant's claim of self-defense, the trial court instructed the jury:

> "You are further instructed that even if you believe the defendant, Makiyah Jaquoylon Cheney, was justified in threatening or using deadly force against another, if in doing so he also recklessly injured Destiny Autenreith, an innocent third person, then the justification does not apply and you will find the defendant guilty of aggravated assault.
>
> Now, if you believe from the evidence beyond a reasonable doubt that the defendant, Makiyah Jaquoylon Cheney, in Harris County, Texas, on or about the 30th day of December, 2020, did then and there unlawfully and intentionally or knowingly shoot a firearm at Darian Jackson, intending or knowing that serious bodily injury or death would occur to Darian Jackson, but instead, missed Darian Jackson and hit Destiny Autenreith, causing bodily injury with the use of a deadly weapon, namely, a firearm, then you will find the defendant guilty of aggravated assault, as charged in the indictment."

Appellant objected to the inclusion of Penal Code section 9.05 language, which described Destiny as an innocent bystander:

> ". . . we also object to the inclusion of the 9.05 language in that there is no fact at issue that Destiny Autenreith was an innocent bystander. All the testimony has been is [sic] that she communicated with

McCanny [sic]. She obviously was looking at the weed, provided her phone, she was there, she testified that she was talking and interacting with Darian as he was in the transaction. And she also testified that she readily knew that drug transactions were dangerous, and that's why she always made sure Darian carried pepper spray with him. So this is not one of those situations where we need a justification limiting instruction by the way of 9.05. There simply is not a fact at issue in which Destiny could possibly be an innocent bystander, and to even put that before the judge is prejudicial to Mr. Cheney and risks the possibility of misleading the jury into thinking that she could have been an innocent bystander. So we'd object to that."

Because a defensive issue is not "the law applicable to the case" until the defendant requests it be included in the court's charge, a defendant forfeits his right to complain on appeal about the omission of a defensive issue if he fails to request such an instruction at trial. *See Delgado,* 235 S.W.3d at 249–51; *Williams v. State,* 273 S.W.3d 200, 223 (Tex. Crim. App. 2008). Here, the record reflects that appellant did not request that a multiple assailant charge be included. Thus, without a request, the trial court was under no duty to include such an instruction in its charge and committed no error in not including it. *See Williams,* 273 S.W.3d at 223 (citing *Posey v. State,* 966 S.W.2d 57, 63 (Tex. Crim. App. 1998)).

Accordingly, we overrule appellant's sole point of error.

## Conclusion

We affirm the judgment.


/s/     Margaret "Meg" Poissant
           Justice


Panel consists of Justices Jewell, Bourliot, and Poissant.

Do Not Publish — Tex. R. App. P. 47.2(b)